# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAWN D. SMITH,

      Plaintiff,

      v.                                     Case No. 14-3220-JAR-DJW

CHRISTOPHER TRAPP, ET AL.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Shawn D. Smith is a prisoner who proceeds *pro se*. His Amended Complaint alleges claims under 42 U.S.C. § 1983 against several employees of the Lansing Correctional Facility ("LCF") in Lansing, Kansas: Christopher Trapp, Danny Duft, James Collins, Ryan Shanks, Rex Pryor, and Tamera Eggleston. Before the Court are Defendants James Collins and Ryan Shanks' Motion to Dismiss (Doc. 50), and Defendant Rex Pryor's Motion to Dismiss (Doc. 35). Defendant Pryor's motion to dismiss is fully briefed. Plaintiff has not responded to Defendants Collins and Shanks' motion to dismiss and the time to do so has passed. As described more fully below, Defendants' motions to dismiss are granted.

## I.      Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[1] To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6]*Id.*

[7]*Id.* at 679.

[8]*Id.*

[9]*Id.* at 678.

## II.     Factual Allegations

The following relevant facts are alleged in the Amended Complaint and are assumed to be true for purposes of this motion.[10]  Plaintiff Shawn Smith is incarcerated at LCF.  On August 18, 2012, Plaintiff filed a prison grievance about a strip search incident in his cell involving Defendant Trapp.  Plaintiff claimed that Defendant Trapp made inappropriate comments and gestures to him during his strip search.  He also called the prison's sexual assault hotline to report the incident.  Prison Rape Elimination Act ("PREA")[11] representative James Collins was assigned to investigate Plaintiff's report.  Collins and another officer asked Plaintiff and his cellmate some questions and told him they would get back with him.  They advised Plaintiff not to tell anyone what happened.

On August 30, 2012, a disciplinary complaint was filed against Plaintiff for having a cell phone in his cell; he claims that Officer Trapp planted the phone there in retaliation for his earlier sexual assault report.  Ryan Shanks was the disciplinary officer assigned to Plaintiff's case.  Shanks denied Plaintiff's motions, including motions arguing that Shanks was not impartial and spoke to a hearing officer outside of the hearing about his case.  Plaintiff asked Shanks to recuse and Shanks denied that motion.  Shanks denied Plaintiff's request for certain documentary evidence at the hearing and misrepresented that Plaintiff did not submit a requisite witness form.  Ultimately, Shanks found Plaintiff guilty of trafficking in contraband and imposed sanctions.  Defendant Pryor, the Warden at LCF, reviewed and approved Shanks' decision to discipline Plaintiff.

---

[10]As a *pro se* litigant, Plaintiff's pleadings are entitled to a liberal construction.  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Barnet v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  At the same time, the Court may not assume the role of advocate for a *pro se* litigant.  *Id.*

[11]*See* 42 U.S.C. §§ 15601–15609.

Plaintiff then filed a Petition for Writ of Habeas Corpus in the District Court of Leavenworth County, Kansas, alleging due process violations surrounding his disciplinary proceedings, including inadequate notice, denial of documentary evidence, and lack of an impartial hearing officer.  Pryor reviewed the habeas corpus motion.  Other inmates and family members have also complained through grievances and letters to Pryor about due process violations during disciplinary hearings at LCF.  Ultimately, Plaintiff was notified that the state court dismissed his habeas corpus case because the disciplinary conviction was reversed.

## III.   Discussion

### A.   Defendants Collins and Shanks

Plaintiff failed to file a response to the motion to dismiss filed by Collins and Shanks and the time to do so has expired.[12]  Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[13]  As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

The Court also finds that the claims against Defendants Collins and Shanks must be dismissed under the doctrine of qualified immunity. Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal

---

[12]This motion to dismiss was filed on August 11, 2016.  Plaintiff filed three motions for extension of time to respond, all of which this Court granted.  The most recent extension was until November 17, 2016.  *See* Doc. 58.

[13]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

questions.[14]  To this end, qualified immunity shields government officials from liability unless the plaintiff shows (1) the defendant's violation of a constitutional right; and (2) that the right the official violated was "clearly established" at the time of the challenged conduct.[15]  Accordingly, the qualified immunity defense must be resolved "at the earliest possible stage of litigation."[16] For the Court to resolve the issue of qualified immunity at the earliest possible stage of litigation, the complaint must allege enough facts to make clear the grounds on which the claim rests.[17]

Plaintiff alleges claims of deliberate indifference against Collins under the Fourth and Eighth Amendments.  In order to demonstrate deliberate indifference under the Eighth Amendment, Plaintiff must allege plausible facts that "the official knows of and disregards an excessive risk to inmate health or safety."[18]  Plaintiff fails to allege that Collins had knowledge of a substantial risk of serious harm to Plaintiff or other inmates and failed to take reasonable steps to alleviate that risk.[19]  Although Plaintiff alleges that he reported to Collins Officer Trapp's inappropriate directives and gestures during the August 17, 2012 strip search, he did not allege that he was assaulted, nor did he report to Collins that Officer Trapp had assaulted anyone else or that he was prone to retaliation.  Plaintiff does not allege that Trapp threatened him, or that Collins was aware of some other threat to Plaintiff.  Plaintiff alleges that Collins failed to follow the PREA regulations, but does not explain how—this is a conclusory allegation that is not entitled to an assumption of truth.  Moreover, Plaintiff alleges that Collins was investigating his grievance about the strip search; Collins interviewed him and his cellmate about the incident,

---

[14]*Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

[15]*Id.* at 735.

[16]*Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

[17]*Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007)).

[18]*Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

[19]*Id.*

pursuant to the PREA.  These facts are insufficient to meet the deliberate indifference standard under the Eighth Amendment.  Moreover, assuming Collins failed to follow PREA regulations in investigating the claim, there is no clearly established authority that such conduct violates the Eighth Amendment.[20]  Collins is entitled to qualified immunity on the Eighth Amendment claim.

Plaintiff also fails to allege a Fourth Amendment violation by Collins.  He claims Collins recklessly disregarded the Fourth Amendment by failing to remove Trapp after investigating Plaintiff's claim.  But the Fourth Amendment does not apply to a prisoner's conditions of confinement claim following conviction; the Eighth Amendment applies to such claims.[21]  Thus, Collins is entitled to dismissal for failure to state a claim upon which relief may be granted on the Fourth Amendment claim.

Plaintiff alleges a Fourteenth Amendment due process claim against Defendant Shanks for not providing him with proper notice, documentary evidence, and an impartial hearing officer during Plaintiff's initial disciplinary proceeding.  But Plaintiff alleges that after he filed a habeas corpus motion, the district court dismissed the case based on the facility's decision to dismiss the disciplinary proceeding against him.  Although Plaintiff continues to challenge a rehearing that was scheduled with Officer Trapp's supervisor, Defendant Duft, the facts alleged in the Complaint establish that the first disciplinary proceeding conducted by Shanks was dismissed. By reversing the disciplinary decision and reversing any sanctions, Plaintiff was afforded all of the process he was due during this initial disciplinary proceeding.[22]  Because Plaintiff has failed

---

[20]The PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010) (footnote omitted) (quoting *Moorman v. Herrington*, No. 08CV-P127, 2009 WL 2020669, at *2 (W.D. Ky. July 9, 2009)).

[21]*See Blackmon v. Sutton*, 734 F.3d 1237, 1242–43, 1246–47 (10th Cir. 2013); *Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011).

[22]*Whitmore v. Hill*, 456 F. App'x 726, 729–30 (10th Cir. 2012).

to allege a constitutional violation against Defendant Shanks, Shanks is entitled to dismissal of the Fourteenth Amendment claim alleged against him.

Defendants Collins and Shanks motion to dismiss for failure to state a claim is thus dismissed as uncontested based on Plaintiff's failure to respond.  Their motion to dismiss is also granted on the merits because they are entitled to qualified immunity.

### B.      Defendant Pryor

Against Defendant Pryor, Plaintiff alleges that he violated the "Fourth Amendment, Deliberate Indifference" by failing to act on Plaintiff's grievance about the illegal strip search. Plaintiff also alleges a First Amendment violation based on retaliation against him during the disciplinary proceeding.  Finally, Plaintiff alleges a Fourteenth Amendment violation for failing to correct the due process violations that occurred during his disciplinary hearing.  A claim under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional violation."[23]  To be liable under § 1983 or *Bivens* under a supervisory liability theory, Plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed personal responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation."[24]  There must be "an 'affirmative' link  . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy—express or otherwise—showing their authorization or approval of such misconduct.'"[25]

---

[23]*Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

[24]*Wilson v. Montano*, 715 F.3d 847, 856 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

[25]*Dodds*, 614 F.3d at 1200–01 (quoting *Rizzo v Goode*, 423 U.S. 362, 371 (1976)) (internal alteration omitted).

Pryor moves to dismiss, claiming Plaintiff fails to allege that he personally participated in the constitutional violations.  Pryor cites cases holding that a prison warden's denial of a prison grievance alone is insufficient to establish personal participation in an alleged constitutional violation carried out by a subordinate.[26]  Plaintiff responds that his allegations go beyond Pryor's denial of his grievances and sufficiently allege facts upon which supervisory liability can attach to Pryor.

Liberally construing Plaintiff's Amended Complaint, he alleges an Eighth Amendment deliberate indifference claim against Pryor based on the denial of his grievance involving the August 17 strip search.[27]  Plaintiff alleges no personal involvement by Pryor in the constitutional violation other than his knowledge of the violation through the grievance procedure. This claim must be dismissed because merely being aware of Plaintiff's grievance and failing to act on it is insufficient as a matter of law to establish that Pryor personally participated in unconstitutional conduct.[28]

Next, Plaintiff alleges a First Amendment violation, which he describes as deliberate indifference "when the retaliation was brought to his attention through a grievance and a Habeas Corpus (law suit) 60-1501, and still did nothing to at the least investigate the claim."[29]  But again, the basis for Pryor's alleged liability is his review of a grievance and complaint by Plaintiff, which is insufficient to establish personal participation in any First Amendment violation.

---

[26]*See, e.g.*, *Gallagher*, 587 F.3d at 1069; *Stewart*, 701 F.3d at 1328.

[27]As explained above, a deliberate indifference claim during confinement arises under the Eighth Amendment, rather than the Fourth Amendment.  *See supra* note 21 and accompanying text.

[28]*Stewart*, 701 F.3d at 1328;  *Gallagher*, 587 F.3d at 1069.

[29]Doc. 31 at 17, Count 12.

Plaintiff alleges that Pryor knew about a pattern of due process violations during disciplinary hearings and allowed them to continue.  He further claims that Kansas regulations require prison wardens to be personally involved in all disciplinary appeals.  The Court finds that Plaintiff's allegations about Pryor's knowledge of due process violations are insufficient to support his supervisory liability claim.  Plaintiff must allege something more than mere knowledge or negligence.[30]  The appropriate state of mind on a substantive due process claim is deliberate indifference.[31]  "[A] local government policymaker is deliberately indifferent when he deliberately or consciously fails to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type experienced by the plaintiff."[32]  Although Plaintiff alleges "routine" due process violations of which Pryor was made aware through inmate complaints, including his, Plaintiff does not allege that Pryor had the requisite state of mind to be liable for a due process violation.  Further, while he alleges due process violations during his initial hearing regarding notice, documentary evidence, and whether the hearing officer was impartial, there are no facts upon which a reasonable inference can be drawn that other inmates' alleged due process violations were the same, or that all of the violations derived from a policy or procedure.  Instead, Plaintiff makes generalized allegations that due process violations are widespread.  These are conclusory allegations that are not entitled to an assumption of truth.  Moreover, Pryor cannot be held liable for a due process violation by Shanks given this Court's earlier ruling that any claim against Shanks is moot since LCF reversed that disciplinary decision after Plaintiff filed his habeas corpus petition.

---

[30]*Dodds*, 614 F.3d at 1204–05.

[31]*See id.* (assuming without deciding that deliberate indifference applies); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (same).

[32]*Schneider*, 717 F.3d at 769.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants James Collins and Ryan Shanks' Motion to Dismiss (Doc. 50), and Defendant Rex Pryor's Motion to Dismiss (Doc. 35) are **granted**.  Defendants Shanks, Collins, and Pryor are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: December 12, 2016

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE