# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN D. SMITH,

    Plaintiff,

v.

CHRISTOPHER TRAPP, et al.,

    Defendants.

Case No. 14-3220-JAR-DJW

## MEMORANDUM & ORDER TO SHOW CAUSE

    Plaintiff, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The primary matters before the Court are Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 66) and Motion for Leave to File Third Amended Complaint (Doc. 82). In his proposed Third Amended Complaint (Doc. 82-1), Plaintiff seeks to add an additional claim of civil conspiracy against correctional officer Christopher Trapp, correctional officer Danny Duft, disciplinary hearing officer Ryan Shanks, disciplinary administrator Tamera Eggleston, and former Secretary of Corrections at Lansing Correctional Facility, Raymond Roberts. Mr. Shanks was previously dismissed by this Court. (Doc. 59.) For the reasons below, the Court denies Plaintiff's motion.

    Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[1] Other amendments are allowed

---

[1] Fed. R. Civ. P. 15(a)(1).

"only with the opposing party's written consent or the court's leave."[2] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[3] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[4] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[5]

The Court also liberally construes the pleadings of a pro se plaintiff.[6] This does not mean, however, that the Court must become an advocate for the pro se plaintiff.[7] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8]

Defendants oppose the proposed amendments because they are futile and/or because they are untimely. The Court agrees with Defendants that Plaintiff's motions to amend are untimely. When evaluating whether or not a motion to amend should be denied for undue delay, the Tenth Circuit is primarily concerned with the reasons for the delay, which include a party lacking an adequate explanation for the delay or the moving party being aware of facts their amendment

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[5] *Id.* (quoting *Foman*, 371 U.S. at 182).

[6] *See Jackson v. Integral, Inc.,* 952 F.2d 1260, 1261 (10th Cir. 1991).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

was based on for some time prior to the filing of the motion to amend.[9] "[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."[10]

Here, Plaintiff filed this case on December 1, 2014. He proposed his Second Amended Complaint on March 31, 2017, and then proposed his Third Amended Complaint on July 10, 2017. None of the basic facts or players changed. Nor has he pointed to any new evidence that has since come to light. Rather, he simply wishes to re-add a previously-dismissed defendant and add a claim of civil conspiracy based on the facts as alleged in his original Complaint. Plaintiff could have alleged civil conspiracy when he filed his original Complaint in 2014 and certainly in his Amended Complaint filed on May 16, 2016 (Doc. 31). But he did not. Plaintiff has also offered no reasoning as to why he has delayed in bringing this claim. Thus, the Court finds Plaintiff's amendments untimely.

Defendants also argue that Plaintiff's claims against Mr. Duft and Ms. Eggleston are futile because they are barred by the statute of limitations. They argue that the two-year statute of limitations has expired, and Mr. Duft and Ms. Eggleston remain unserved. While Defendants are not wrong, 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [prisoner] cases." To that end, the Court has attempted twice to serve these Defendants, once after compelling their last known address from Defendants or Interested Party Kansas Department of Corrections ("KDOC"). Here is a summary of what has happened thus far. Waivers of service of summons were issued as to Mr. Duft and Ms. Eggleston on September 22, 2015. Both returned unexecuted on October 6, 2015. In the

---

[9] *Minter v. Prime Equipment Co.* 451 F.3d 1196, 1206 (10th Cir. 2006).

[10] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993).

meantime, the Court was waiting on Interested Party Kansas Department of Corrections ("KDOC") to file its *Martinez* Report, which may have included information regarding Mr. Duft or Ms. Eggleston. That report was not filed until April 7, 2016 (Doc. 23). On June 10, 2016, the Court entered an Order directing Defendants or KDOC to provide the last known address for Defendants Trapp, Duft, Collins, Shanks, and Eggleston. (Doc. 38.) That information was provided and the summons were issued on June 29, 2016. On July 15, 2016, the summons for Mr. Duft and Ms. Eggleston again returned unexecuted.

On these facts, it is clear that the Court has not yet gone to the lengths to effectuate service that it did in *Nichols v. Schmidling*.[11] But the Court does not necessarily need to go to those lengths because, if the Court or the Marshals Service is "unable to effectuate service . . . with the information . . . provided, the onus remains upon *plaintiff* to discover and submit sufficient information for service of all defendants he has named in [his] lawsuit."[12] In other words, it is not clear that the Court or the Marshals Service has "a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide sufficient information for service."[13] This is especially true where a court has *sua sponte* compelled the last known addresses of the defendants, and issued a second round of waivers of service or summons. However, as in *Nichols*, the Court will give Plaintiff the opportunity to provide the Court or the Marshals Service with another location or address for Defendants Danny Duft and Tamera Eggleston for the purpose of serving Plaintiff's Complaint.[14] The Court

---

[11] No. 10-2086-JAR, 2012 WL 10350, at *1 (D. Kan. Jan. 3, 2012), *aff'd sub nom. Nichols v. Kansas Dep't of Corr.*, 503 F. App'x 573 (10th Cir. 2012)

[12] *Id*. (quoting *Leek v. Thomas*, No. 09–3036–SAC, 2009 WL 2876352, at *3 (D. Kan. Sept. 2, 2009)) (emphasis added).

[13] *Id.*

[14] Defendants' argument that it would be unduly prejudicial to serve these defendants almost two years after Plaintiff filed this suit is well-taken. The Court notes, however, that this case is still in its infancy, despite the

emphasizes that the Court may dismiss these defendants without further notice if Plaintiff fails to provide either (1) another address (or other information that would help in serving these defendants), or (2) show good cause, in writing, to Judge Robinson as to why Mr. Duft and Ms. Eggleston should not be dismissed from this case for failure to serve under Fed. R. Civ. P. 4. In the meantime, the Court will also direct the Marshals Service to personally serve Defendants Duft and Eggleston at their last known addresses (*See* SEALED Doc. 40).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File the Third Amended Complaint (Doc. 82) and Plaintiff's Motion for Leave to File the Second Amended Complaint (Doc. 66) are denied.

**IT IS FURTHER ORDERED** that Plaintiff be granted 30 days from the date of this Order within which to provide either (a) the Court or the Marshals Service with another location or address for Defendants Danny Duft and Tamera Eggleston for the purpose of serving Plaintiff's Complaint; or (b) good cause, in writing, to Judge Robinson as to why Mr. Duft and Ms. Eggleston should not be dismissed from this case. Failure to so may result in the dismissal of these defendants from this case.

**IT IS FURTHER ORDERED** that the Marshals Service personally serve Defendants Danny Duft and Tamera Eggleston with Plaintiff's Complaint at their last known addresses (*See* SEALED Doc. 40).

---

amount of time that has elapsed. Indeed, the properly-served Defendants only filed their motion to dismiss or in the alternative motion for summary judgment on June 5, 2017, and the motion is based primarily on qualified immunity. "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Accordingly, the Court is not persuaded that service at this point—prior to discovery—would be unduly prejudicial. It may, of course, become so, should the facts change. Additionally, because all Defendants in this case have been represented by the same counsel—currently, Thomas E. Nanney of the Kansas Office of the Attorney General—the Court anticipates similar, if not the same, arguments would be made by Mr. Duft and Ms. Eggleston.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to File Response (Doc. 87) is granted.

Dated September 11, 2017, at Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge