# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN D. SMITH,

    Plaintiff,

v.

CHRISTOPHER TRAPP, ET AL.,

    Defendants.

Case No. 14-3220-JAR-DJW

## ORDER

On June 5, 2017, Defendant Christopher Trapp filed a Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, for Summary Judgment.[1] Plaintiff sought leave to amend the complaint. On June 30, 2017, Magistrate Judge David J. Waxse stayed Plaintiff's deadline to respond to the motion to dismiss or in the alternative for summary judgment, pending a ruling on Plaintiff's motions for leave to amend.[2] In that same Order, Judge Waxse granted Defendant Trapp's motion to stay discovery pending a ruling on the motion to dismiss or for summary judgment because Defendant asserted the defense of qualified immunity.[3] On September 11, 2017, Judge Waxse denied Plaintiff's motions for leave to amend.[4] In the meantime, Plaintiff filed a motion to extend his deadline to complete discovery.[5] Plaintiff indicated in that motion that he required additional time for discovery due to his transfer to another facility, but failed to explain the nature of the additional discovery he required and how

---

[1] Doc. 75.

[2] Doc. 85. Had the motions to amend been granted, Defendant's motion to dismiss, or in the alternative, for summary judgment, would have been moot.

[3] Qualified immunity is not just immunity from liability; it protects governmental employees from litigation and discovery. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[4] Doc. 90.

[5] Doc. 89.

long he expected such discovery to take. On September 15, 2017, this Court granted Plaintiff's motion to extend the discovery deadline, allowing Plaintiff until October 13, 2017 to conclude discovery and respond to Defendant Trapp's pending dispositive motion.[6]

Now before the Court is Plaintiff's Motion for Extension of Discovery Deadline (Doc. 93), wherein he seeks to "clarify" his previous request for an extension of the discovery deadline. In the motion, Plaintiff complains that has not had a reasonable period of time to conduct discovery in this matter. Plaintiff also sets forth three types of discovery he hopes to obtain through this requested discovery extension.

As to Plaintiff's claims under 42 U.S.C. § 1983, Defendant Trapp's motion to dismiss or in the alternative for summary judgment argues that qualified immunity shields him from liability for using allegedly excessive force in violation of the Fourth Amendment when he strip searched Plaintiff on August 12, 2012, after receiving a tip that Plaintiff possessed a cell phone. The remainder of Defendant Trapp's motion seeks dismissal under Fed. R. Civ. P. 12(b)(6) on the basis of the allegations in the First Amended Complaint, as supplemented by the *Martinez* report. Judge Waxse properly stayed discovery on June 30, 2017, pending a ruling on this motion because it raised the defense of qualified immunity.[7] Rather than simply extending the discovery deadline along with the response deadline to Defendant Trapp's motion to dismiss, or in the alternative, for summary judgment, this Court should have analyzed Plaintiff's motion under Fed. R. Civ. P. 56(d) in its September 15 Order. That rule allows a movant to request additional time to take discovery in order to respond to a motion for summary judgment, but such a request must be supported by affidavit or declaration. In his most recent motion, Plaintiff states that he requires the following discovery in order to respond to Defendant's dispositive

---

[6]Doc. 91.

[7]*See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

motion: (1) prison policies, training manuals, and reports to dispute Defendant's contention that the strip search was reasonable in furtherance of legitimate penological interests; (2) the KDOC video evidence of his prison cell, which he believes will show that Defendant Trapp allowed other inmates to witness the strip search; and (3) evidence regarding a tip Defendant claims he received about the cell phone, which is not discussed in the *Martinez* Report.

Even overlooking Plaintiff's failure to submit his discovery needs by affidavit, he has failed to make a showing under Fed. R. Civ. P. 56(d) that would justify lifting the stay on discovery prior to the Court's resolution of the pending motion. First, the prison policies and procedures that pertain to Plaintiff's claims are included in the *Martinez* Report. Second, Plaintiff's contention that his cell door was open during the strip search does not require KDOC video to support; Plaintiff may assert such a fact through his own affidavit. Finally, Plaintiff is free to argue about discrepancies or omissions in the *Martinez* Report in contesting summary judgment. For this reason, the Court declines to allow further discovery, and Plaintiff's motion is denied. If Plaintiff's claims survive the pending dispositive motion, the discovery stay will be lifted.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Motion for Extension of Discovery Deadline (Doc. 93) is **denied**.

**IT IS SO ORDERED.**

Dated: October 4, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE