# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN SMITH,

    Plaintiff,

v.

CHRISTOPHER TRAPP, ET AL.,

    Defendants.

Case No. 14-3220-JAR-JPO

## ORDER OF DISMISSAL

This matter is before the Court pursuant to a Notice and Order to Show Cause (Doc. 90). The Order to Show Cause required Plaintiff to show good cause by 10/11/2017, why this case should not be dismissed without prejudice for lack of service under Fed. R. Civ. P. 4(m). Plaintiff filed a response to the Order to Show Cause on October 10, 2017. For the reasons stated below, the Court finds that Plaintiff has failed to make a sufficient showing to satisfy the Order to Show Cause.

As of the date of Judge Waxse's Order to Show Cause, Defendants Danny Duft and Tamera Eggleston had not been served. Judge Waxse's Order to Show Cause directed Plaintiff to provide either (1) another address (or other informatxion that would help in serving these defendants), or (2) show good cause, in writing, to the undersigned as to why Mr. Duft and Ms. Eggleston should not be dismissed from this case for failure to serve under Fed. R. Civ. P. 4. Judge Waxse also directed the U.S. Marshals Service to personally serve these Defendants at their last known addresses, which previously had been provided by the KDOC under seal.[1] On

---

[1] Plaintiff's First Amended Complaint was filed on May 16, 2016. Doc. 31. The KDOC filed under seal Defendants' last known addresses for purposes of service by the Marshals. Doc. 40. Summons was returned unexecuted as to Ms. Eggleston on July 18, 2016, and as to Mr. Duft on August 1, 2016. On its own initiative, the

September 25, 2017, alias summons was returned executed as to Ms. Eggleston. On September 29, 2017, alias summons was returned unexecuted as to Mr. Duft.

Plaintiff's response to the show cause order asks that the Court require the KDOC to provide addresses to the Marshals Service listed on Defendant Duft and Eggleston's 401K accounts. Plaintiff's response fails to satisfy Judge Waxse's Order to Show Cause, which directed him to provide further information as to these Defendants' location. As Judge Waxse noted in his September 11 Order, the Court is not required to mount such a search to locate a defendant's whereabouts. This Court has already obtained Defendants' last known addresses from the KDOC, and service has been attempted at those locations. This is all that is required of the KDOC, the Marshals, and Court.[2] Accordingly, because Plaintiff has failed to show good cause why his claims against Mr. Duft should not be dismissed under Fed. R. Civ. P. 4(m) for failure to effectuate service within 90 days, Mr. Duft is dismissed from this action without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Danny Duft is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: October 27, 2017

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

Court directed Alias Summons to be issued on these Defendants on September 11, 2017, well over one year after summons had been returned unexecuted at their last known addresses.

[2] *See, e.g.*, *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address").