IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN D. SMITH,

    Plaintiff,

    v.

CHRISTOPHER TRAPP, ET AL.,

    Defendants.

Case No. 14-3220-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Shawn D. Smith is a Kansas prisoner proceeding *pro se*, currently held at the Jackson County, Kansas Jail. The remaining claim alleged in his Amended Complaint is brought under 42 U.S.C. § 1983 against Tamera Eggleston, a Disciplinary Administrator at the Lansing Correctional Facility ("LCF") in Lansing, Kansas, arising out of her conduct while Plaintiff was still an inmate housed at that facility. Before the Court are Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 119), and Plaintiff's Motion for Rule 59(e) or 52(b) (Doc. 122), which the Court construes as a motion to reconsider its ruling setting aside the Clerk's Entry of Default against this Defendant.[1] These motions are fully briefed, and the Court is prepared to rule. As described more fully below, Plaintiff's motion to reconsider setting aside default is denied, and Defendant's motion to dismiss is granted.

---

[1] Doc. 117. As a *pro se* litigant, Plaintiff's pleadings are entitled to a liberal construction. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnet v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). At the same time, the Court may not assume the role of advocate for a *pro se* litigant. *Id.*

**I.    Motion to Reconsider**

In his motion invoking Fed. R. Civ. P. 59(e) and 52(b), Plaintiff asks this Court to "acknowledge petitioner Response to defendant Motion to set Aside Entry of Default [w]as timely and to include say motion into court memorandum and order."[2] The Court construes this motion as a motion to reconsider its ruling granting Defendant's motion to set aside the clerks entry of default.[3] A party may seek reconsideration of a non-dispositive order on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[4]

Plaintiff suggests the Court committed clear err or manifest injustice because it did not consider his response to Defendant's motion to set aside entry of default, and he further suggests this Court found his response to be untimely. But the Court stated in its Order that the motion was "fully briefed,"[5] indicating that it had considered all the filings submitted on the motion. It was filed one week before the Court's Order, so it was before the Court at the time it rendered its decision. The Court made no finding that Plaintiff's response was untimely. Because the Court considered Plaintiff's response when deciding the motion to set aside entry of default, the Court declines to reconsider on this ground. In its order, the Court considered whether the default was willful, as urged by Plaintiff, and determined it was not. The Court was fully advised of Plaintiff's arguments when ruling.

Finally, Plaintiff's suggestion that the Court erred by not granting his request for an evidentiary hearing is not well taken. The Court does not routinely schedule hearings on such

---

[2] Doc. 122.

[3] Rule 52 does not apply here. That rule only applies in the context of a trial to the Court.

[4] D. Kan. R. 7.3(b).

[5] Doc. 117 at 1.

matters, and there is no rule of law that requires it.  Further, the Court concludes that a hearing would not have changed its ruling on the motion to set aside default.  Accordingly, because Plaintiff has failed to show clear error or manifest injustice, his motion to reconsider is denied.

## II.     Motion to Dismiss

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's § 1983 claim asserted against her in her individual capacity, alleging a due process violation under the Fourteenth Amendment.[6]  Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted for the following reasons: (1) Plaintiff failed to allege Eggleston personally participated in the due process violation;[7] (2) there can be no due process violation because the disciplinary charges at issue were dismissed; and (3) Plaintiff's claim is barred by the statute of limitations.

### A.     Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[8]  To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[9]  The plausibility standard does not require a showing of probability that a defendant has acted

---

[6] Plaintiff does not allege an official-capacity claim.

[7] Defendant couches this as a qualified immunity defense, but as described below, because personal participation is an essential element of the case that has not been pled, the claim is subject to dismissal under Rule 12(b)(6).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

unlawfully, but requires more than "a sheer possibility."[10]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[11]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[12]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[13]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[14]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[15]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

### B.     Factual Allegations Against Eggleston

The following relevant facts are alleged in the Amended Complaint and are assumed to be true for purposes of this motion.  In 2012, Plaintiff Shawn Smith was an inmate in the custody of the Kansas Department of Corrections ("KDOC") housed at LCF, and Eggleston was

---

[10]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[12]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[13]*Id.*

[14]*Id.* at 679.

[15]*Id.*

[16]*Id.* at 678.

employed by KDOC as a disciplinary administrator. On August 18, 2012, Plaintiff filed a prison grievance about a strip search incident in his cell involving co-Defendant Christopher Trapp, a correctional officer at LCF. Plaintiff claimed that Trapp made inappropriate comments and gestures to him during his strip search. He also called the prison's sexual assault hotline to report the incident. On August 30, 2012, Trapp and other officers searched Plaintiff's cell based on a tip that he possessed an unauthorized cell phone. Trapp found a jewelry box with a secret compartment. Inside the compartment, Trapp found a black and grey Samsung flip phone. Plaintiff was issued a disciplinary report, charging him with Internal Management Policy and Procedure ("IMPP") violations for possessing the cell phone found in his cell.

At his disciplinary hearing, Plaintiff admitted he was the maker and sole owner of the jewelry box but denied that the open space was a secret compartment and denied any knowledge of how the cell phone came to be in it. On September 19, 2012, Plaintiff submitted a Form 9 "Inmate Request to Staff Member," to Eggleston, asking her to intervene in his disciplinary case. He claimed that his hearing officer violated his due process rights by excluding certain evidence at the hearing. On September 21, 2012, Eggleston responded and stated: "Officer Shanks started your hearing process—therefore he does have to finish it. You can take your motion with you to your hearing and present it to the H/O."[17] The hearing officer ultimately found it was more likely than not that plaintiff was in possession of the cell phone in violation of K.A.R. §§ 44-12-1001 and 44-12-211b, and sanctioned Plaintiff with a 30-day loss of good time credits, and privilege restrictions.

Plaintiff then filed a Petition for Writ of Habeas Corpus in the District Court of Leavenworth County, Kansas, alleging due process violations surrounding his disciplinary

---

[17]Doc. 2-1 at 56 (Ex. 12).

proceedings, including inadequate notice, denial of documentary evidence, and lack of an impartial hearing officer. A second disciplinary hearing was held on June 21, 2013, while this case was pending, with Plaintiff in abstentia after he refused to enter a guilty plea. The disciplinary report was read into the record, and Plaintiff was again found guilty of violating K.A.R. § 44-12-211b and given sanctions of 30 days disciplinary segregation suspended for 180 days, and 30 days of privilege restrictions. But on July 2, 2013, the disciplinary conviction was "dismissed" and all sanctions were "withdrawn and/or dismissed."[18] The Secretary of Corrections then moved to dismiss the habeas case because the same relief Plaintiff sought in his petition had been granted by the KDOC. The state court granted the Secretary's motion because the case was moot.

### C. Discussion

Count 9 alleges Eggleston violated Plaintiff's Fourteenth Amendment due process rights when she declined to intervene in his 2012 disciplinary proceeding after being informed of due process violations caused by his hearing officer, co-Defendant Ryan Shanks. A claim under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional violation."[19] Plaintiff does not allege that Eggleston personally participated in the alleged due process violation by the hearing officer.

Liberally construing the Amended Complaint, perhaps Plaintiff alleges that Eggleston is liable under a supervisory liability theory. For § 1983 supervisory liability to attach, Plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed personal responsibility for the continued operation of a policy that (2) caused the complained of

---

[18]Doc. 2-1 at 61.

[19]*Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

6

constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation."[20]  There must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy—express or otherwise—showing their authorization or approval of such misconduct.'"[21]  The only basis for Plaintiff's claim against Eggleston is that she reviewed Plaintiff's submission urging that his hearing officer excluded certain evidence that he viewed as unfair, and failed to intervene.  But merely being aware of Plaintiff's grievance and failing to act on it is insufficient as a matter of law to establish that Eggleston is liable for the hearing officer's alleged unconstitutional conduct.[22]  Moreover, Eggleston explained in her response that Plaintiff could present his objections to Shanks.  There is no allegation in the Complaint or evidence attached thereto indicating that Eggleston had responsibility over any policy that led to an alleged constitutional violation.

Moreover, as Defendant notes, the disciplinary charges and penalties against Plaintiff were ultimately dismissed.  By reversing the disciplinary decision and reversing any sanctions, Plaintiff was afforded all of the process he was due during this initial disciplinary proceeding.[23]  Plaintiff asserts in the reply that he had already served "60 days restriction with the other sanctions," by the time the conviction was reversed.[24]  But the record attached to his Complaint

---

[20]*Wilson v. Montano*, 715 F.3d 847, 856 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

[21]*Dodds*, 614 F.3d at 1200–01 (quoting *Rizzo v Goode*, 423 U.S. 362, 371 (1976)) (internal alteration omitted).

[22]*See, e.g.*, *Gallagher*, 587 F.3d at 1069; *Stewart*, 701 F.3d at 1328.

[23]*Whitmore v. Hill*, 456 F. App'x 726, 729–30 (10th Cir. 2012).

[24]Doc. 132 at 2.

does not support this assertion. And even if it does, Plaintiff cannot establish that he has a liberty interest in avoiding privilege restrictions.[25]

Finally, the Court agrees that Plaintiff's claim is barred by the statute of limitations. According to the Amended Complaint, Eggleston declined Plaintiff's request to intervene in his disciplinary proceeding on September 21, 2012. The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the personal injury statutes for the state in which the federal district court sits.[26] While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run.[27] State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances.[28] A claim brought under § 1983 is characterized as a personal injury tort for statute of limitations purposes.[29] In Kansas, the statute of limitations for personal injury actions is two years.[30] Therefore, to be timely, Plaintiff's claim against Eggleston must have accrued within the two years prior to the date he filed his original Complaint on December 1, 2014, assuming the claim against Eggleston relates back to the date of the original Complaint.[31] Plaintiff's claim against Eggleston accrued more than two years before the original

---

[25]*See Whitmore*, 456 F. App'x at 728 (citing *Sandin v. Conner*, 515 U.S. 472, 484, 486–87 (1995); *Grossman v. Bruce*, 447 F.3d 801, 806 (10th Cir. 2006)).

[26]*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 251 (1985)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016).

[27]*Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769.

[28]*Mondragon*, 519 F.3d at 1078 (citation omitted).

[29]*Wallace*, 549 U.S. at 387; *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984).

[30]K.S.A. § 60-513(a)(4).

[31]*See* Fed. R. Civ. P. 15(c). Plaintiff alleged a claim against Eggleston for the first time in the Amended Complaint, filed on May 16, 2016. Doc. 31.

Complaint was filed. Therefore, even if Plaintiff had alleged sufficient facts to support a due process claim against this Defendant, his claim must be dismissed as time barred.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Rule 59(e) or 52(b) (Doc. 122) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Tamera Eggleston's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 119) is **granted**.

**IT IS SO ORDERED.**

Dated: June 27, 2018

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE